UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH R.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C23-5116-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's 2022 decision finding her not disabled. She contends the Court should reverse the Commissioner's final decision because the new evidence she submitted to the Appeals Council undermines the ALJ's decision, and because the ALJ erroneously discounted her testimony. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

**A.**    **New Evidence**

The ALJ held a hearing on March 3, 2022, and issued a decision on April 20, 2022, finding Plaintiff has the residual functional capacity (RFC) to perform light work limited to additional limitations, including a sit/stand option every 45 minutes for 5-10 minutes. Tr. 51. The ALJ further found that with this RFC, Plaintiff cannot perform past relevant work but is not

disabled because she can perform light and sedentary jobs identified by a vocational expert (VE). Tr. 60-62.

Plaintiff sought Appeals Council review of the ALJ's decision and submitted a Functional Capacity Evaluation (FCE) prepared by Scott Miller, DPT, dated September 12, 2022, as new evidence. Tr. 10-21. Dr. Miller opined Plaintiff can perform sedentary work but cannot complete an 8-hour workday or a 40-hour work week. Tr. 11. Dr. Miller further noted Plaintiff demonstrated "pain" behavior while performing tests and found Plaintiff can only occasionally perform work requiring stooping and bending forward at the waist. Tr. 2-15. Plaintiff's treating doctor Kyla Halso, M.D. reviewed the FCE and concurred with the evaluation but gave no opinion about Plaintiff's functional ability. Tr. 9.

The Appeals Council made the FCE part of the record but denied review, making the ALJ's decision the Commissioner's final decision. As the Appeals Council made the FCE part of the administrative record, the Court considers it in reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Plaintiff contends the FCE "detailed new physical findings and support for Plaintiff's pain claims" and therefore undermines the ALJ's decision. Dkt. 15 at 7. The Commissioner suggests the new evidence has "limited persuasiveness" citing *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996) and *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). Dkt. 20 at 7. Neither case supports the Commissioner's suggestion. The claimant in *Macri* relied upon a report that Macri had been prescribed an antidepressant. However, Macri presented no evidence this medication had been prescribed before his disability insured status expired. The *Weetman* Court found the new evidence was unpersuasive because it was inconsistent with the physician's earlier

ORDER AFFIRMING THE COMMISIONER AND DISMISSING THE
CASE - 2

notes and because the Plaintiff had worked during the adjudication period. *Weetman* did not hold new medical evidence is categorically unpersuasive.

Thus, in both *Macri* and *Weetman*, the Court of Appeals identified specific reasons why the new evidence presented was unpersuasive rather than categorically holding all new evidence is generally unpersuasive. This common-sense approach is consistent with how new evidence submitted to the Appeals Council can have significant weight. *See, e.g., Brewes v. Comm'r of Social Sec. Admin.*, 682 F3d 1157, 1164-65 (9th Cir. 2011), (remanding case for immediate payment of benefits based solely on "new" evidence, with no discussion of when the evidence was produced); *Lingenfelter v. Astrue*, 504 F3d 1028 (9th Cir. 2007) (remanding case for immediate payment of benefits based in part on new evidence submitted two years after ALJ's decision); *Ramirez v. Shalala*, 8 F.3d 1449, 1454-55 (9th Cir. 1993) (remanding for immediate payment of benefits based on post-hearing evidence submitted to Appeals Council).

The Commissioner also argues even if the Court considers the FCE, it does not undermine the ALJ's findings and decision. The Commissioner's argument focuses on how the ALJ found the medical evidence showed benign physical exam findings including intact neurological examination with normal gait and reflexes as well as full range of motion. Dkt. 20 at 7 citing Tr. 53, 484, 832. The Commissioner further contends the ALJ noted evidence showing Plaintiff had "no complaints of weakness or balance problems," was "ambulating without difficulty," and "showed full range of motion in the arms and leges with normal sensory functioning, normal gait and no tenderness of the back." *Id.*

Plaintiff's opening brief does not contend the ALJ erroneously evaluated the medical opinion evidence, and the Court thus accepts the ALJ's evaluation of this evidence. Instead,

ORDER AFFIRMING THE COMMISIONER AND DISMISSING THE
CASE - 3

Plaintiff argues "although the FCE was produced after the ALJ's April 24, 2022 decision, it was not much later and nothing in the testing indicated a special new deterioration." Dkt. 15 at 7.

The argument fails. The FCE assessed Plaintiff as of September 12, 2022 but does not indicate what Plaintiff's condition was before that date, i.e., whether it was the same, improved, or worsened. The FCE mentions comments made by Plaintiff about her physical condition, and past treatment. These comments are general in nature and do not establish what Plaintiff's condition was before the September 12, 2022 FCE was performed. The FCE does not reference review of Plaintiff's medical records, and thus does not connect or compare Plaintiff's assessed condition on September 12, 2022, with her condition as assessed by prior medical sources.

There is thus an insufficient basis to support Plaintiff's suggestion that her condition was essentially the same at the time the ALJ evaluated the record, and later when the FCE was performed. Plaintiff bears the burden to show agency error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). As Plaintiff has failed to meet that burden, the Court declines to find the FCE undermines the findings the ALJ made in the decision.

**B.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony that she cannot perform gainful work due to her physical and mental health conditions. The ALJ discounted Plaintiff's testimony about her physical limitations on the grounds that although the medical record supports some limitations, exam findings lack notations of distress, and the record shows Plaintiff can perform a number of physical activities. Tr. 52-54. The ALJ noted Plaintiff's PT records showed Plaintiff enjoyed "riding quads, swimming, bike riding and hiking but she is limited when she has bad days." Tr. 57. The ALJ found Plaintiff's ability to hike one mile and do the other activities were inconsistent with her allegations." *Id*. The ALJ also noted Plaintiff was homeschooling her twin

1  sons, engaged in fundraising, and that she lives on her parent's property where they "all work
2  together and do yardwork and other things." *Id.*

3  Plaintiff's opening brief does not challenge the ALJ's evaluation of Plaintiff's testimony.
4  Instead, Plaintiff contends in performing the FCE, Dr. Miller was in a position to "evaluate in
5  detail Plaintiff's effort and credibility" Dkt. 15 at 9. As discussed above, the FCE does not
6  connect or compare Plaintiff's assessed condition on September 12, 2022, with her condition as
7  assessed by prior medical and other sources. This includes Plaintiff's testimony and her
8  "credibility." Moreover, the FCE does not discuss, and thus does not contradict the activities the
9  ALJ found were inconsistent with Plaintiff's testimony about the severity of her impairments.
10 The ALJ properly discounted Plaintiff's testimony on the grounds it is inconsistent with her
11 activities. This finding is not discussed in the FCE. *See Smolen v. Chater*, 80 F.3d 1273, 1284
12 (9th Cir. 1996). As the FCE does not undermine the ALJ's reasoning, and the ALJ's reasoning is
13 supported by substantial evidence, the Court affirms the ALJ's determination.

## CONCLUSION

15 For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is
16 **DISMISSED** with prejudice.

17 DATED this 14th day of July, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISIONER AND DISMISSING THE
CASE - 5